

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7007 | **DATE** | 4/29/2002 |
| **CASE TITLE** | Sheila Zinnermon vs. City of Chicago Dept of Police | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant City of Chicago's motion to dismiss is granted in part and denied in part. We dismiss count II of plaintiff's complaint and strike any remaining request for punitive damages. Status hearing set for May 21, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHEILA ZINNERMON, )
)
    Plaintiff, )
)
vs. ) No. 01 C 7007
)
CITY OF CHICAGO DEPARTMENT )
OF POLICE, )
)
    Defendant. )

DOCKETED
APR 30 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheila Zinnermon brings this action against the City of Chicago (City) alleging retaliatory discharge and violation of her First Amendment right of free speech. The City has moved to dismiss the claims against it. For the following reasons, the City's motion is granted in part and denied in part.

## BACKGROUND

The facts of this case are taken from plaintiff's complaint. Plaintiff worked as a police officer with the Chicago Police Department (C.P.D.) on probation from December 13, 1999 through December 13, 2000. On July 21, 2000, plaintiff reported to her superior officer an incident in which she witnessed her partner and another officer use excessive force against an arrestee. As instructed by her superior, plaintiff filled out and filed a written report regarding the incident. A few weeks later plaintiff was accused of making a false report, and on August 14, 2000, she was interrogated by the Office of Professional Standards. Plaintiff answered questions under duress and was told that any admissions or statements she made could be used as a basis for her discharge.

In a letter postmarked December 14, 2000, plaintiff was informed that her employment was terminated as of the close of business on December 12, 2000, one day prior to the date she would have completed her probationary period. Had plaintiff remained in her position past

at period, she would have been afforded all the rights and benefits of a contracted police officer, including representation by the Fraternal Order of Police. Plaintiff filed this suit in September, 2001, alleging that her discharge occurred as retaliation for her report of her fellow officers.

## DISCUSSION

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a complaint does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, the complaint must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Federal Claim

In count I of plaintiff's complaint she alleges that the City, its police department, its Office of Professional Standards, and its staff, have *de facto* policies, practices and/or customs of failing to properly train, supervise, discipline, counsel and control police officers who commit misconduct, and a police code of silence which causes officers to remain silent or lie in the face of misconduct. Plaintiff claims that she went against these *de facto* policies and reported police misconduct as a citizen acting on a matter of public concern. Her constitutional rights were violated, she claims, when as a result of her reports against her co-

workers she was fired.

Plaintiff brings her constitutional claim under 42 U.S.C. § 1983. To properly state a section 1983 claim against a municipality, plaintiff must allege a constitutional deprivation caused by a governmental policy, practice or custom. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). To properly claim a constitutional deprivation, plaintiff must identify speech that is protected by the First Amendment. Connick v. Myers, 461 U.S. 138 (1983). As a public employee, plaintiff's speech is protected if she speaks as a citizen upon matters of public concern. *Id* at 147. Whether plaintiff's speech addresses a matter of public concern is determined by the content, form, and context of her alleged statements. *Id.*

It is well settled that police brutality and misconduct are matters of public concern. Delgado v. Jones, 282 F.2d 511, 519 (7th Cir. 2002); Gonzalez v. City of Chicago, 239 F.3d 939, 941 (7th Cir. 2001); Branton v. City of Dallas, 272 F.3d 730, 740 (5th Cir. 2001). A police department employee's report of police brutality and misconduct comes under the protection of the First Amendment if it is a product of some independent discretion or judgment. Delgado at 519; Branton at 743; Pietrusiak v. Kammerer, 1999 U.S.Dist.LEXIS 603 * 33 (N.D.Ill. 1999). The City relies on Gonzalez to support its contention that plaintiff's report is not protected by the First Amendment since she was under a duty as a police officer to report misconduct  The plaintiff in Gonzalez was an employee of the police department's Office of Professional Standards, however, and as such his daily routine involved creating routine official reports that required opinions on police misconduct and, reporting misconduct, was a mere discharge of his employment duties. *Id.*

Here we have a plaintiff who was under a general duty as a police officer to report

misconduct to her superiors. It does not appear, however, that it was a routine task of plaintiff's job to make these reports. Under the facts alleged, plaintiff had to come forward and report what she had witnessed, in direct conflict with a *de facto* department policy of remaining silent. This act of reporting, while generally required of all officers, did involve independent discretion and judgment. Until we know more about the day-to-day routine of plaintiff's former position, we cannot say as a matter of law that plaintiff has failed to identify speech protected by the First Amendment. The other elements of this First Amendment retaliation claim are sufficiently alleged and it should go forward.

## State Claim

Plaintiff has also alleged retaliatory discharge, a state tort claim, against the City. The City claims immunity from this claim. A local government unit may be liable in tort, but the Illinois legislature has conditioned potential liability by enacting the Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), 745 ILCS 10/1-101. The City seeks shelter under section 2-201 of the Act: "...a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. While section 2-201 refers to a public employee, local governments may also be shielded from immunity under this provision. 745 ILCS 10/2-109 ( a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable).

In applying section 2-201, the Illinois Supreme Court requires that conduct be both an exercise of discretion and a policy determination to garner immunity. Harineck v. 161 North

Clark Street Ltd., 181 Ill.2d 335, 343, 692 N.E.2d 1177, 1182 (1998). Discretionary acts are those which are unique to a public office and involve the use of discretion as to the propriety of the act. Snyder v. Curran Township, 167 Ill.2d 466, 474, 657 N.E.2d 988, 993 (Ill. 1995). An act is a determination of policy if it requires a balancing of interests and judging which solution would best serve each of those interests. Harineck 181 Ill.2d at 342. The City's alleged wrongdoing in this case is both discretionary and a determination of policy, and fits within the scope of the Immunity Act.

Plaintiff argues that while the City's alleged activity is most likely discretionary and a determination of policy, the City cannot claim immunity since plaintiff has alleged that the conduct is willful and wanton. However, there is no willful and wanton exception to the immunity provided in section 2-201 of the Immunity Act. In re Chicago Flood Litigation, 176 Ill.2d 179, 196, 680 N.E.2d 265 (Ill. 1997). We recognize that the federal courts in this circuit have carved out an exception to the rule in In re Chicago Flood Litigation. *See* Payne for Hicks v. Churchich, 161 F.3d 1030 (7th Cir. 1998); Williams v. City of Elgin, 1999 U.S.Dist.LEXIS 6463 (N.D.Ill. 1999). Where In re Flood was not cited in the parties' briefs, this court has also made an exception. *See* Hanania v. Loren-Maltese, 56 F.Supp.2d 1010, 1014 (N.D.Ill. 1999). It is now clear that this exception is in conflict with the Illinois Supreme Court's reading of the Immunity Act, and we are bound to follow the highest state court's reading of state statutes. O'Brien v. Skinner, 414 U.S. 524, 531 (1974). The City is immune from plaintiff's state claim.

Damages

In both counts of her complaint plaintiff seeks punitive damages. The City is correct

in its assertion that punitive damages cannot be obtained from a municipality. <u>City v. Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).

## CONCLUSION

For the above reasons, defendant City of Chicago's motion to dismiss is granted in part and denied in part. We dismiss count II of plaintiff's complaint and strike any remaining request for punitive damages.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

April 29, 2002.